At a Special Term of the Albany County Supreme Court, held in and for the County of Albany, in the City of Albany, New York, on the 5th day of February, 2019

PRESENT: HON. RAYMOND J. ELLIOTT, III
              JUSTICE

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ALBANY

In the Matter of the Petition of

**JOSEPH S. BARONE,**

                        Petitioner,

                                              DECISION AND ORDER
                                              INDEX NO. 04983-18
For a Judgment Pursuant to Article 78 of the
Civil Practice Law and Rules

                  -against-

**THE LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK, TIMOTHY O'SULLIVAN, in his official capacity as EXECUTIVE DIRECTOR,**

                                        Respondents.

APPEARANCES:    JOSEPH S. BARONE
                          Pro Se Petitioner
                          1227 16th Avenue #321
                          Conway, South Carolina 29526

                          HON. LETITIA JAMES
                          Attorney General for the State of New York

>   Attorneys for Respondents
>   (Richard L. Rodgers, Esq., AAG of Counsel)
>   The Capitol
>   Albany, New York 12224

RAYMOND J. ELLIOTT, III   J.S.C.

Petitioner commenced this CPLR Article 78 proceeding and seeks an order annulling a determination of the respondents that denied his claims for reimbursement for funds he had paid to his former disbarred attorney, Roy Kulesar. The petitioner claims the actions of the respondents are arbitrary and capricious and lack a rational basis. The respondents oppose the petition.

On June 22, 2012, the petitioner and his former wife, filed an application for reimbursement from the Lawyers' Fund for Client Protection ("Fund") and alleged his former attorney stole $110,800.00. The petitioner was a member of an organized crime family, served time in jail for weapons and extortion charges and became an FBI undercover informant for over 18 years. In 2009, the petitioner was arrested for his alleged involvement in a murder conspiracy plot and possession of a weapon. The possession of a weapon charged was dismissed and the petitioner was acquitted at trial on the murder for hire charge. The jury was unable to reach a verdict on the conspiracy to commit murder for hire. The petitioner was represented by attorney Roy Kulesar. In 2017, petitioner's civil action against the federal government was dismissed.

The petitioner sought reimbursement from the Fund for $24,000 he allegedly paid Kulesar as a retainer for the federal criminal proceedings. The petitioner also alleged a claim for reimbursement from the Fund for $86,800.00 which he claims was not a retainer but personal funds he gave to his attorney in order to prevent federal prosecutors from confiscating his

2

savings.

The Fund conducted an investigation of the petitioner's claims and requested information from the petitioner. The petitioner often provided the Fund with documentation he thought was relevant to his claims. On June 30, 2017, the Fund denied petitioner's claims for legal fees and held the petitioner failed to provide satisfactory evidence of his loss by "establishing dishonest conduct by Mr. Kulesar with respect to the legal fees in question or satisfactory evidence that Mr. Kulesar accepted legal fees from you without intending to provide the promised legal services." The Fund informed the petitioner that dishonest conduct "is defined as the theft or misappropriation of a law clients' money." The Fund informed the petitioner they deferred a determination of petitioner's claim for $86,800.00 for the personal funds he delivered to Attorney Kulesar. In December, 2017 the Board considered the petitioner's remaining claim in relation to 22 NYCRR § 7200.10(i)(4) which allows the Board to consider "any conduct of the claimant that contributed to the loss."

On December 22, 2017, the respondents denied petitioner's claim and found the loss was not a "theft arising out of an attorney-client relationship and occurring in the practice of law." The fund informed the petitioner that his "own culpable conduct in concealing money with Mr. Kulesar in order to prevent the money from being seized by Federal criminal prosecutors contributed to your alleged loss." On December 30 2017, the petitioner requested that the Fund reconsider the denial of his claim." In March 2018, the Board of Trustees reconsidered petitioner's claim for his $86,800.00 loss. In a letter dated April 6, 2018, the respondents confirmed their prior determination finding the petitioner failed to provide satisfactory evidence of an eligible loss and that his culpable conduct in concealing the money requires denial of his

3

claim.

The judicial standard of review of administrative determinations pursuant to CPLR Article 78 is whether the determination is arbitrary and capricious, and a reviewing court is therefore restricted to an assessment of whether the action in question was taken "without sound basis in reason and . . . without regard to the facts." (*see*, CPLR § 7803; *In the Matter of Murphy v. New York State Division of Housing and Community* Renewal, 21 NY3d 649 [2013]; *Matter of Pell v. Board of Education*, 34 NY 2d 222 [1974]). The test usually applied in deciding whether a determination is arbitrary and capricious or an abuse of discretion is whether the determination has a rational or adequate basis. (*Matter of Peckham v. Calogero*, 12 NY3d 424 [2009]). The reviewing court in a proceeding pursuant to CPLR Article 78 will not substitute its judgment for that of the agency unless it clearly appears to be arbitrary, capricious or contrary to the law. (*Paramount Communities, Inc v. Gibraltar Cas Co.*, 90 NY2d 507 [1997]).

"When the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference." (*Matter of Flacke v. Onondaga Landfill System*, 69 NY2d 355 [1987]). Moreover, in order to maintain the limited nature of review, it is incumbent upon the court to defer to the agency's construction of statutes and regulations that it administers as long as that construction is not irrational or unreasonable. (*Matter of 427 W. 51 St. Owners Corp. v. Division of Hous. And Community* Renewal, 3 NY3d 337 [2004]; *Lorillard Tobacco Co. v. Roth*, 99 NY2d 316 [2003]).

Judicial review of an agency's determination is limited to whether it is arbitrary, capricious or without any rational basis. (*Matter of Cushing v. Governor's Off. of Empl.*

*Relations,* 58 AD3d 1095 [3rd Dept. 2009]]. The Fund "has the sole discretion to determine the merits of claims presented for reimbursement, the amount of such reimbursement and the terms under which such reimbursement shall be made", (*see,* Judiciary Law § 468-b(4) and the claimant bears the burden "to provide satisfactory evidence of an eligible loss." (*see,* 22 NYCRR § 7200.8(b)). Losses arising from financial transactions with attorneys that do not occur within an attorney-client relationship and the practice of law are ineligible for reimbursement. (*see,* 22 NYCRR § 7200.8(d); *Matter of Papas v. Lawyers' Fund for Client Protection,* 60 AD3d 1195 [3rd Dept. 2009], *lv denied* 12 NY3d 713 [2009]).

The record reveals the petitioner admitted that he intentionally concealed his funds with Attorney Kulesar in order to prevent its confiscation by federal prosecutors. After a review of the record, the Court finds the petitioner failed to produce evidence of his loss by establishing that the $86,600.00 was paid for legal services pursuant to an attorney-client relationship. In addition, the Fund found the actions of the petitioner resulted in his culpable conduct of attempting to conceal his funds from federal prosecutors. In this instance, the Court defers to the findings of the respondents as they are responsible for the administration and interpretation of the statutes and regulations they oversee. (*Calenzo v. Shah,* 112 AD3d 709 [2nd Dept. 2013]). From the facts presented, the respondents' denial of petitioner's claims was not arbitrary and capricious or an abuse of discretion. (*Yengo v. Lawyers' Fund for Client Protection of State,* 163 AD3d 1300 [3rd Dept. 2018]).

Accordingly, the petition is denied.

This shall constitute the Decision, Order and Judgment of the Court. This Decision, Order and Judgment is being returned to the attorneys for the respondents. All original

supporting documentation is being filed with the Albany County Clerk's Office. The signing of this Decision, Order and Judgment shall not constitute entry or filing under CPLR 2220. Counsel are not relieved from the applicable provisions of that rule relating to filing, entry, and notice of entry.

**SO ORDERED AND ADJUDGED**

**ENTER**

Dated: February 5, 2019
       Albany, New York

                                        _____
                                        RAYMOND J. ELLIOTT, III
                                        Supreme Court Justice

**Papers Considered:**

1. Notice of Verified Petition dated August 1, 2018; Verified Petition dated July 31, 2018 with annexed exhibits A-I;

2. Verified Answer dated September 28, 2018 with annexed exhibits A-S; Affirmation of Michael J. Knight, Esq. dated September 26, 2018; Memorandum of Law dated September 28, 2018;

3. Verified Reply dated October 31, 2018 with annexed exhibits; Correspondence dated November 14, 2018.