SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : THIRD DEPARTMENT

---

In the Matter of the Application of

JOSEPH S. BARONE,

                *Appellant*,

  -against-

THE LAWYERS' FUND FOR CLIENT
PROTECTION OF THE STATE OF
NEW YORK, TIMOTHY O'SULLIVAN,
In his official capacity as EXECUTIVE
DIRECTOR,

        *Respondents*.

**AFFIRMATION IN OPPOSITION TO MOTION TO VACATE DISMISSAL**

Appellate Division
Docket No. 529302

---

    KATHLEEN M. TREASURE, being a duly licensed attorney in the State of New York, does hereby affirm under penalties of perjury that:

    1.    I am an ASSISTANT SOLICITOR GENERAL in the office of LETITIA JAMES, Attorney General of the State of New York, and am assigned to represent the respondents in the above-entitled appeal.

    2.    I make this affirmation in opposition to petitioner-appellant's (petitioner's) motion, returnable June 22, 2020, for an order vacating the

1

dismissal of his appeal. The Court should deny petitioner's motion because he has not shown—nor can show—that he has a meritorious appeal.

3. In this CPLR Article 78 proceeding, petitioner challenges the determination of the Lawyers' Fund for Client Protection (Lawyers' Fund) denying his application for reimbursement of $86,600 in client funds allegedly misappropriated by his criminal defense attorney, Roy Kulesar.

4. The Lawyers' Fund determined that petitioner's purported loss was not eligible for reimbursement because petitioner admittedly gave the funds to his attorney to prevent federal prosecutors from confiscating his savings. The Lawyers' Fund concluded that: (1) the loss was not a "theft arising out of an attorney-client relationship and occurring in the practice of law[,]" and (2) that petitioner's "own culpable conduct in concealing money with Mr. Kulesar in order to present the money from being seized by Federal criminal prosecutors contributed to" his alleged loss. *See* Exhibit A, Decision and Order of Supreme Court, Albany County (Elliott, J.), entered February 13, 2019, at pp. 2-3.

5. By judgment (denominated decision and order) entered February 13, 2019, the Supreme Court denied the petition, finding that the Lawyers' Fund rationally denied petitioner's application for reimbursement.

6. By notice of appeal dated March 4, 2019, petitioner appealed from the judgment.

7. According to this Court's rules, a civil appeal or proceeding shall be deemed to have been dismissed where the petitioner fails to serve and file a record and brief within six months of the date of the notice of appeal. 22 N.Y.C.R.R. 1250.10(a). Petitioner thus had until September 4, 2019, to file and serve his brief in this matter. When his appeal was not perfected by that date, this Court published a dismissal list in September 2019 showing the appeal's dismissal as of September 4, 2019.

8. In April 2020, petitioner submitted this motion for an order vacating the dismissal of his appeal. A motion to vacate must set forth "good cause for vacatur of the dismissal, an intent to perfect the appeal or proceeding within a reasonable time, and sufficient facts to demonstrate a meritorious appeal or proceeding." 22 N.Y.C.R.R. 1250.10(c).

9. Petitioner's affidavit does not make a sufficient showing that his appeal has merit. Indeed, petitioner does not address this requirement at all in his motion papers. Nothing demonstrates that the court below misapplied the well-settled law that an agency's determination must be upheld if supported by a rational basis.

10. Here, the determination of the Lawyers' Fund denying petitioner's application for reimbursement is eminently rational. The theft of petitioner's funds did not arise out of any attorney-client relationship, but was due to petitioner's "own culpable conduct in the loss in concealing money with Mr. Kulesar in order to prevent the money from being seized by Federal criminal prosecutors." Exh. A, at p. 3 (quoting Lawyers' Fund determination.) Petitioner thus was not entitled to reimbursement from the Lawyers' Fund.

11. Accordingly, this Court should deny petitioner's motion to vacate the dismissal of his appeal.

Dated: Albany, New York
       June 18, 2020

*(signature)*
KATHLEEN M. TREASURE

*Reproduced on Recycled Paper*